IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SERGIO ALVAREZ,

               Petitioner,

  v.

G. D. LEWIS, Warden, et al.,

               Respondents.

_____/

No. C 12-5500 SBA (PR)

**ORDER GRANTING RESPONDENTS'
MOTION TO DISMISS; AND
DENYING CERTIFICATE OF
APPEALABILITY**

(Dkt. 5)

**INTRODUCTION**

     Petitioner Sergio Alvarez, a state prisoner incarcerated at Pelican Bay State Prison ("PBSP"), filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He claims that his constitutional rights, including his right to be free of ex post facto laws, were violated when prison officials applied to him a statute that had been amended as of January 25, 2010, to decrease the time credits he could earn while incarcerated.

     The parties are presently before the Court on Respondents' motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner did not file an opposition to the motion. For the reasons discussed below,  the Court GRANTS Respondents' unopposed motion to dismiss.

**BACKGROUND**

     In 1997, Petitioner was convicted in the Santa Cruz County Superior Court of six counts of attempted murder and one count of shooting into an inhabited dwelling, with multiple weapons enhancements. Dkt. 5, Ex. A. After entering a guilty plea, he was sentenced to a twenty-four year determinate prison sentence. Id.

     In 2004, Petitioner was convicted of two counts of possession of a weapon in prison. Dkt. 5, Ex. B. He was given a concurrent two-year prison sentence. Id. He currently is housed in PBSP's security housing unit ("SHU") due to his validation as an associate or

member of a prison gang. Petitioner now challenges a change in the law that has adversely affected the rate at which he earns time credits. Specifically, he contends that an amendment to California Penal Code § 2933.6 and the California Code of Regulations has adversely impacted the rate at which he receives time credits on his sentence.

Under the former law, SHU inmates such as Petitioner were assigned to work group D-1 and were awarded one day of credit for every two days served. After the change in the law, those inmates were reassigned to work group D-2, and consequently ceased earning such credits. Dkt. 1-2 at 48-50, 53.[1] That, in turn, ostensibly lengthens the time Petitioner will remain in prison. A credit calculation worksheet and legal status summary worksheet shows that the application of the new statute will extend his minimum release date from November 2, 2019 to March 13, 2022. Dkt. 1-1 at 7.

There are several potentially relevant dates to the instant motion, which the Court summarizes below. First, on February 9, 2010, the classification committee met and changed Petitioner's credit-earning status, effective January 25, 2010 (the effective date of § 2933.6). Dkt. 1-2 at 53. Petitioner had the opportunity to attend the classification committee meeting, but refused to participate. Dkt. 1-2 at 41. Thereafter, Petitioner received a revised calculation worksheet that showed his earliest possible release date ("EPRD") as calculated under the new credit earning system pursuant to § 2933.6. Dkt. 1-2 at 42 ("Offender Details" showing "Release Date" of March 13, 2022); cf. Dkt. 1-2 at 21 (March 1, 2004 "Calculation Worksheet" showing an EPRD of November 2, 2019). Petitioner states that he received the "UCC chrono" relating to the February 8 classification committee meeting on or about February 10, 2010. Dkts. 1-1 at 7; 1-2 at 44.

On February 12, 2010, Petitioner filed a 602 inmate appeal regarding the change in credit earning status. Dkt. 1-2 at 44. His appeal was bypassed at the informal and first levels of review. Id. at 44-45. On April 6, 2010, the warden denied his appeal at the second level of review. Id. at 45, 48-50. On April 10, 2010, Petitioner appealed the denial to the third and final level of review -- the Director's level. Id. On August 5, 2010, Inmate Appeals Branch

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Petitioner.

1    Chief D. Foston and Appeals Examiner L. Warren denied Petitioner's appeal at the

2    Director's level of review.  Id. at 45, 53-54.

3         On January 1, 2011,[2] Petitioner filed a state habeas petition in the Santa Cruz County

4    Superior Court.  Dkt. 5, Ex. D.  On March 22, 2011, the state superior court denied the

5    petition.  Dkt. 1-2 at 57-58.  On May 13, 2011, Petitioner filed a state habeas petition in the

6    California Court of Appeal.  Id. at 59.  On May 25, 2011, the state appellate court denied the

7    petition.  Id. at 60.  On July 7, 2011, Petitioner filed his state habeas petition in the California

8    Supreme Court.  Id. at 62.  On November 22, 2011, the state supreme court denied his

9    petition.  Id. at 63.

10        On September 15, 2012, Petitioner filed the present federal habeas petition.  Dkt. 1 at

11   7.

12                                   **DISCUSSION**

13   **I.    Motion to Dismiss**

14        The AEDPA, effective as of April 24, 1996, imposes a statute of limitations on

15   petitions for a writ of habeas corpus filed by state prisoners.  Prisoners challenging non-

16   capital state convictions or sentences must file a petition within one year of the latest of the

17   date on which: (A) the judgment became final after the conclusion of direct review or the

18   time passed for seeking direct review; (B) an impediment to filing an application created by

19   unconstitutional state action was removed, if such action prevented Petitioner from filing; 

20   (C) the constitutional right asserted was recognized by the Supreme Court, if the right was

21   newly recognized by the Supreme Court and made retroactive to cases on collateral review;

22   or (D) the factual predicate of the claim could have been discovered through the exercise of

23   due diligence.  See 28 U.S.C. § 2244(d)(1)(A-D).

24   _____

25        [2] Due to Petitioner's status as a prisoner proceeding pro se, he receives the benefit of
     the prisoner mailbox rule, which deems most documents filed when they are given to prison
26   officials to mail to the court rather than the day the document reaches the courthouse.  See
     Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  For purposes of the present
27   motion, each of his petitions filed in the state and federal courts is deemed filed as of the day
     the proof of service shows it was mailed to the appropriate court.  As to any document
28   without a proof of service, this Court assumes for present purposes that it was given to prison
     officials to mail on the date the inmate signed it.  If the record does not include the original
     document showing the date the inmate signed it, then the Court will use the date it was
     stamped as filed in the appropriate court.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

As a threshold matter, once a petitioner is notified that his petition is subject to dismissal based on the AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, the petitioner bears the burden of demonstrating that the limitation period was sufficiently tolled under statutory and/or equitable principles.  See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002).

Although the limitations period has four possible triggering dates, as outlined above, § 2244(d)(1)(D) applies to prisoners challenging administrative decisions such as disciplinary decisions.  This means for habeas actions challenging disciplinary decisions, such as the instant action, the limitations period starts on the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[3]  The one-year limitations period normally begins on the date the administrative decision becomes final.  See Shelby, 391 F.3d at 1066 (limitations period began the day after prisoner received timely notice of the denial of his administrative appeal challenging disciplinary decision); see also Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began when the Board of Parole Hearings ("BPH") denied prisoner's administrative appeal challenging the BPH's decision that he was unsuitable for parole).  The "factual predicate" of the habeas claims is the finality of the adverse administrative decision, and not the denial of the state habeas petition.  See Redd, 343 F.3d at 1082.

The one-year period is calculated according to the general rule for counting time in federal courts, i.e., Rule 6(a) of the Federal Rules of Civil Procedure.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  That is, "the day of the act, event, or default from which the designated period of time begins to run shall not be included" in the one-year limitations period.  Fed. R. Civ. P. 6(a).  This is referred to as the "anniversary method" because, absent any tolling, the expiration date of the limitations period will be the same date as the triggering event in the following year.  Patterson, 251 F.3d at 1246.

---

[3] None of the other alternative starting dates in § 2244(d)(1) apply to Petitioner's circumstances.  That is, the limitations period for his challenge to § 2933.6's application to him did not start when either his 1997 or 2004 criminal convictions became final upon the conclusion of direct review; there was no state-created impediment to his filing a habeas action; and there was no newly recognized constitutional right involved.  See 28 U.S.C. § 2244(d)(1)(A-C).

4

United States District Court
For the Northern District of California

1    In the instant case, the denial of Petitioner's 602 appeal at the Director's level of

2   review occurred on August 5, 2010, which is when the administrative decision became final.

3   Dkt. 1-2 at 45, 53-54.  The limitations period began to run the following day, August 6, 2010.

4   Redd, 343 F.3d at 1079.  Accordingly, Petitioner was required to file his federal habeas

5   petition no later than August 6, 2011.  See 28 U.S.C. § 2244(d).  Therefore, his petition filed

6   on September 15, 2012 -- 406 days after the limitations period had expired -- is untimely

7   absent statutory tolling.[4]

8    A facially untimely petition may nonetheless be timely if the limitations period was

9   tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time.  AEDPA's one-year

10  limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed

11  application for State post-conviction or other collateral review [with respect to the pertinent

12  judgment or claim] is pending.'"  Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001)

13  (quoting 28 U.S.C. § 2244 (d)(2)).  In Carey v. Saffold, 536 U.S. 214, 223 (2002), the

14  Supreme Court held that the limitations period is also tolled during the time between a lower

15  state court's decision and the filing of a notice of appeal to a higher state court.  In California,

16  where prisoners generally use the State's "'original writ' system," this means that the

17  limitations period remains tolled during the intervals between a state court's disposition of an

18  original state habeas petition and the filing of a further original state habeas petition in a

19  higher court, provided the prisoner did not delay unreasonably in seeking review in the

20  higher court.  See id. at 220-25.[5]

21    Accordingly, the one-year limitations period commenced to run against Petitioner on

22  August 6, 2010, and ran for 148 days until it was tolled by the filing of his state habeas

23

24    [4] The Court need not consider whether Petitioner is entitled to equitable tolling

25  because he did not assert that he is entitled to such tolling.  As mentioned above, he did not file an opposition to the instant motion to dismiss.

26    [5] In California, the supreme court, intermediate courts of appeal, and superior courts

27  all have original habeas corpus jurisdiction.  Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999).  Although a superior court order denying habeas corpus relief is non-appealable, a

28  state prisoner may file a new habeas corpus petition in the California Court of Appeal.  Id.  If the appellate court denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition.  Id. at 1006 n.3.

United States District Court
For the Northern District of California

1  petition in the Santa Cruz County Superior Court on January 1, 2011.  Therefore, Petitioner

2  only had 217 more days (365 days minus 148 days) to file his federal habeas petition before

3  the limitations period expired.

4      Petitioner is entitled to tolling for one complete round of state habeas review.  <u>See</u>

5  <u>Carey</u>, 536 U.S. at 223.  Therefore, the limitations period was tolled from January 1, 2011

6  (the date on which he filed his state habeas petition in the superior court) to November 22,

7  2011 (the date on which the state supreme court denied his first state habeas petition).  This

8  statutory tolling amounts to 325 days.  As mentioned above, his federal habeas petition filed

9  on September 15, 2012 was filed 406 days *after* the limitations period had expired.  The 325

10 days of statutory tolling still renders Petitioner's federal habeas petition late by 81 days (406

11 days minus 325 days).  Said another way, the limitations period resumed running on

12 November 22, 2011, the date the California Supreme Court's denial of Petitioner's state

13 habeas petition was final.[6]  As mentioned above, Petitioner had only 217 days  to file his

14 federal habeas petition before the limitations period expired.  However, he did not file his

15 petition until September 15, 2012, which was 298 days *after* the limitations period resumed

16 running on November 22, 2011.  Therefore, Petitioner's federal petition was late by 81 days

17 (298 days minus 217 days).

18     Accordingly, the present petition is untimely, and Respondents' motion to dismiss the

19 petition as untimely (Dkt. 5) is GRANTED.  The petition is dismissed with prejudice because

20 it was not timely filed under 28 U.S.C. § 2244(d)(1).

21 **II.    <u>Certificate of Appealability</u>**

22     The federal rules governing habeas cases brought by state prisoners have been

23 amended to require a district court that dismisses or denies a habeas petition to grant or deny

24 a certificate of appealability (COA) in its ruling.  <u>See</u> Rule 11(a), Rules Governing § 2254

25

26

---

27     [6] On January 1, 2003, the California Supreme Court made clear that its orders denying
petitions for a writ of habeas corpus within its original jurisdiction are final on filing.  Cal.
28 Rule of Court 8.532(b)(2)(C).  Accordingly, the denial of Petitioner's state habeas petition
within the California Supreme Court's original jurisdiction was final on the date of its filing,
November 22, 2011.

1   Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

2       For the reasons stated above, Petitioner has not shown "that jurists of reason would

3   find it debatable whether the district court was correct in its procedural ruling."  Slack v.

4   McDaniel, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

5                                   **CONCLUSION**

6       For the foregoing reasons,

7       IT IS HEREBY ORDERED THAT Respondents' motion to dismiss the petition as

8   untimely (Dkt. 5) is GRANTED, and this action is DISMISSED with prejudice.

9   Furthermore, a COA is DENIED.  Petitioner may seek a certificate of appealability from the

10  Ninth Circuit Court of Appeals.  The Clerk of the Court shall enter judgment, terminate all

11  pending motions, and close the file. This Order terminates Docket No. 5.

12      IT IS SO ORDERED.

13  DATED: 3-31-14



    SAUNDRA BROWN ARMSTRONG

14  United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28